**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1466

1335 PICCARD LLC,

Plaintiff - Appellant,

versus

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-04-1230-AW)

Argued:  February 1, 2006          Decided:  March 23, 2006

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Roy I. Niedermayer, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
EIG & COOPER, CHTD, Bethesda, Maryland, for Appellant.  Vincent
Timothy Bambrick, NILES, BARTON & WILMER, L.L.P., Baltimore,
Maryland, for Appellee.  **ON BRIEF:** Lucinda E. Davis, NILES, BARTON
& WILMER, L.L.P., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

We are presented with the issue of whether a business risks insurance policy issued by National Fire Insurance Company of Hartford ("National Fire") to 1335 Piccard LLC ("Piccard") covers Piccard's loss of rental income caused by a sewer backup at one of its commercial properties.

In May 2001, a municipal sewer backed up into the commercial building at 1335 Piccard Drive in Rockville, Maryland, owned by Piccard. Piccard's first-floor tenant, a medical clinic, vacated the premises for four months while the premises were being restored and, during that period, paid only one-half the rent otherwise due, causing Piccard to sustain a loss of rental income in the amount of $80,394.52.

After Piccard restored the building, it submitted a claim to National Fire for the cost of repair and its loss of rental income. National Fire paid Piccard the $50,000 policy limit for property damage caused by a sewer backup, but it refused to pay Piccard's claim for its loss of income, asserting that the policy did not cover loss of business income caused by a sewer backup.

Piccard commenced this action against National Fire in Maryland state court for $80,394.52, plus interest, costs, and attorneys fees. National Fire removed the case to federal court, based on diversity jurisdiction. Following the parties' cross-

-2-

motions for summary judgment, the district court entered judgment in favor of National Fire, concluding that the policy that it issued to Piccard did not cover loss of business income from a sewer backup.  This appeal followed.

The policy -- a "Business Account Package Policy" -- provides in § A that it will pay for "direct physical loss of or damage to" Piccard's property "caused by or resulting from any <u>Covered Cause of Loss</u>" (emphasis added).  In § A.5.f(1), the policy provides "additional coverage" for "the actual loss of business income" incurred during a suspension of operations "caused by or resulting from any <u>Covered Cause of Loss</u>" (emphasis added).  The term "Covered Cause of Loss" is defined in § A.3 to include all risks of direct physical loss unless excluded in "Section B. EXCLUSIONS."  The exclusions in § B provide that losses from sewer backups are not "Covered Causes of Loss." Specifically, § B.1.f(3) provides that National Fire "will not pay for loss or damage caused" by "water that backs up from a sewer or drain."  The exclusion, however, does not, by its terms, stop coverage under § A.6.q, the "Back Up of Sewer or Drain Water Damage Coverage Extension."  The coverage extension in § A.6.q provides that National Fire will pay for "loss or damage to covered property caused by water that backs up from a sewer or drain. . . .  The most we will pay for direct physical damage is [$50,000]."

Thus, while the policy provides coverage under § A.6 for property damage caused by a sewer backup, it does not provide coverage under § A.5 for business income loss. A loss of income is covered only when it is the result of a "Covered Cause of Loss" and a "Covered Cause of Loss" does not, under § B, include a loss caused by a sewer backup. Accordingly, we affirm the district court.

Piccard argues that because National Fire paid $50,000 for property damage under § A.6.q (the coverage extension for sewer backup losses), the loss caused by sewer backup is a "cause of loss" that is "covered" by the policy such that the business-income-loss provision also applies because that provision applies to losses "caused by a Covered Cause of Loss." Piccard's argument asks us to interpret the clause "Covered Cause of Loss" loosely so as to include any loss paid for under the policy. This interpretation, however, would obliterate the specific language of the policy which defines "Covered Cause of Loss" to exclude losses caused by a sewer backup (except for $50,000 in physical property damage). In determining whether a policy provides coverage, we must apply the terms of the insurance contract as written, and if the policy defines terms, we must likewise apply those terms as defined. See Bausch & Lomb, Inc. v. Utica Mutual Insurance Co., 330 Md. 758, 779 (1993).

Piccard also argues that the language of § A.6.q is written so as to afford coverage not only for physical damage to covered property but also for other types of "loss," such as business income loss. Section A.6.q provides coverage for "loss or damage to covered property" whereas other sections, such as § A, use the phrase "loss of or damage to covered property" (emphasis added). Piccard maintains that by leaving out the preposition "of," the policy provides separate coverages (1) for all loss and (2) for damage to covered property, thus delinking "loss" from "covered property."

We do not find Piccard's construction to be the natural reading of the policy, especially when we consider the same omission of the preposition "of" in other places within the policy. In those provisions, e.g., §§ A.6.c(1), A.6.e, and A.6.f, if we were to delink "loss" from "covered property," the policy would make little sense and render other policy provisions redundant or superfluous. For instance, under Piccard's argument, which reads "loss" to stand alone, § A.6.c(1) would read that National Fire "will pay for direct physical loss . . . caused by or resulting from a Covered Cause of Loss," a meaningless phrase, especially when we consider the language as it relates to the object of coverage -- valuable papers. As written, § A.6.c(1) provides coverage of "direct physical loss [of] or damage to

'valuable papers and records' . . . caused by or resulting from a Covered Cause of Loss."

Thus, we read the phrase "loss or damage to covered property" to have the same meaning as the phrase "loss of or damage to covered property." Under both clauses, the word "loss" is linked to "covered property." When applied to § A.6.q, therefore, "loss" refers to "loss of covered property," not to business income loss.

Because no provision of National Fire's policy covers Piccard's loss of rental income caused by a sewer backup, we affirm the judgment of the district court.

<u>AFFIRMED</u>